FILED
SEP - 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___EF___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Magistrate Case No.  08MJ8721 |
|---|---|---|
| Plaintiff, | ) | Criminal Case No.   08CR2794-W |
| v. | ) | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Adolfo HIGUERA-Castro, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on August 26, 2008, to determine whether defendant Adolfo HIGUERA-Castro, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Attorney Adriana Cordova specially appeared for court-appointed counsel Shaun Khojayan, and appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer and the criminal complaint issued against the Defendant on August 13, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

I

FINDINGS OF FACT

A.  Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 08MJ8721 with the importation of 18.12 kilograms (39.84 pounds) of cocaine and 2.56 kilograms (5.63 pounds) of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. On August 20, 2008, Defendant was indicted (Criminal Case No.: 08CR2794-W) with the following:

Count 1: Importation of 18.12 kilograms (39.84 pounds) of cocaine and 2.56 kilograms (5.63 pounds) of methamphetamine, in violation of 21 U.S.C., §§ 952 and 960;

Count 2: Possession with intent to distribute 8.12 kilograms (39.84 pounds) of cocaine and 2.56 kilograms (5.63 pounds) of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 10-year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 34. See USSG § 2D1.1(3). Assuming the Defendant's criminal history score places him in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B.  Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. On August 12, 2008, Defendant was the driver, sole occupant, and registered owner of a 1999 Plymouth Grand Voyager, as he entered the United States through the Andrade, California, Port of Entry. Customs and Border Protection Officer (CBPO) Bell noticed Defendant's hands were shaking as he handed CBPO Bell his U.S. Permanent Resident Card. Defendant and the

vehicle were referred to the secondary inspection lot for further inspection.

    2.    During secondary inspection, a Narcotic Detector Dog alerted to the vehicle. CBPO Findley inspected the vehicle and located a non-factory compartment in the vehicle's dashboard. A subsequent inspection of the vehicle resulted in the discovery of nineteen (19) packages with a total weight of 18.12 kilograms (39.84 pounds) of cocaine and four (4) Tupperware containers with a total weight of 2.56 kilograms (5.63 pounds) of methamphetamine concealed within the compartment.

    3.    Defendant stated he knew he was carrying cocaine, but he was told it would only be two kilograms. Defendant stated he was to be paid $1,500.00 dollars to drive the drug-laden vehicle into the United States. Defendant admitted to smuggling drugs in this same vehicle on approximately forty prior occasions and receiving about $60,000.00 for it.

    C.    <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>:

    1.    Defendant is a citizen of Mexico.

    2.    Defendant resides with his wife and three children in San Luis Rio Colorado, Mexico.

    3.    Defendant is employed as a gardener.

    4.    Defendant is a Resident Alien of the United States but is in danger of losing his immigration status if convicted of this offense.

    D.    <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

    1.    The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant does not have any criminal history.

II

REASONS FOR DETENTION

A.    Based on the complaint, there is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number: 08MJ8721, to wit: the importation of 18.12 kilograms (39.84 pounds) of cocaine and 2.56 kilograms (5.63 pounds) of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960; and,

B.    Based on the indictment, there is probable cause to believe that the Defendant committed the offenses charged in Criminal Case Number: 08CR2794-W, to wit:

1 | Count 1: Importation of 18.12 kilograms (39.84 pounds) of cocaine and 2.56
2 | kilograms (5.63 pounds) of methamphetamine, in violation of 21 U.S.C., §§ 952 and 960;
3 | Count 2: Possession with intent to distribute 8.12 kilograms (39.84 pounds) of
4 | cocaine and 2.56 kilograms (5.63 pounds) of methamphetamine with intent to distribute, in violation
5 | of 21 U.S.C. § 841(a)(1).
6 | C. The Defendant faces a substantial period of time in custody if convicted of the offense
7 | charged in the Complaint. He therefore has a strong motive to flee.
8 | D. The Defendant has not rebutted the presumption, based upon the Court's findings, that
9 | there is probable cause to believe that the Defendant committed an offense for which a maximum term
10 | of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801,
11 | et seq.), and that no condition or combination of conditions will reasonably assure the appearance of the
12 | Defendant at future court proceedings.

### III

### ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///
///
///
///
///
///
///
///
///

1   While in custody, upon order of a court of the United States or upon the request of an attorney
2   for the United States, the person in charge of the correctional facility shall deliver the Defendant to the
3   United States Marshal for the purpose of an appearance in connection with a court proceeding or any
4   other appearance stipulated to by defense and government counsel.
5   THIS ORDER IS ENTERED WITHOUT PREJUDICE.
6   IT IS SO ORDERED.
7   DATED: Sept. 2, 2008

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney


JOHN F. WEIS
Assistant U. S. Attorney

cc:  Shaun Khojayan
     Counsel for Defendant